## Shriver *versus* Cowell.

A collector of taxes has a right under the law to decline to proceed by distress and sale of the taxpayer's property, and having paid the tax to the proper authority, sue on his warrant. It is in no sense a voluntary payment.

November 21st 1879.   Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY, JJ. STERRETT and GREEN, JJ., absent.

Error to the Court of Common Pleas of *Greene county :* Of October and November Term 1879, No. 76.

This suit was originally brought by David L. Cowell against Jacob Shriver, before a justice of the peace, to recover the sum of $28.84, the amount of school tax alleged to have been levied against the defendant in Whiteley township, Greene county, Pennsylvania, for the year 1875, and paid by the plaintiff for the defendant. The justice having entered a judgment against the defendant by default, the case was removed by appeal to the Common Pleas.

On the 12th of June 1875, the school directors of Whiteley

[Shriver v. Cowell.]

township common school district, by a yea and nay vote of the board of directors, levied a tax of four mills for school purposes for the year 1874, and also a tax of four mills for building purposes. On the 19th of July 1875 the school board appointed Cowell collector for the year 1875. The school directors issued their duplicate for the collection of the above-mentioned taxes, with a warrant to Cowell, the collector. On that duplicate Jacob Shriver stood charged with $28.84. Cowell, on the 2d day of June 1876, settled with the township auditors, and was charged with the $28.84, the amount of Shriver's tax, and on the same day he paid the same to his successor in office, Mr. Eli Rose.

After the expiration of the warrant to Cowell, he brought this suit against Mr. Shriver to recover this tax which he had paid for him.

At the trial the defendant submitted the following points, which the court, Willson, P. J., refused :

1. If the jury believe from the evidence that Shriver had personal property amply sufficient to satisfy the tax in suit, subject to seizure and sale under the warrant of the tax collector ; and that he offered sufficient property to the collector prior to his settlement with the school directors and in the lifetime of his warrant, and he refused to seize and sell the same in satisfaction of the tax, he cannot become a creditor of the defendant without request, and the plaintiff cannot recover in this suit.

2. If the jury believe that the tax collector was warned by the defendant not to pay this tax for him, and disregarding the authority of his warrant the collector paid the same, he cannot recover in assumpsit for money paid for the defendant, as such action is founded on the presumption that it was paid at the instance and the request of the defendant.

Verdict for plaintiff, and, after judgment, defendant took this writ, and alleged that the court erred in refusing the above points.

*Crawford & Downey*, for plaintiff in error.—The action of assumpsit for money expended by one for the benefit of another, is founded on the presumption of a previous request, under which alone the party could be justified in the expenditure of his money. In this case, if the tax collector preferred to disobey the mandate of his warrant, by refusing to sell personal property in order to satisfy the tax, he necessarily assumed the position of one paying the debt of another voluntarily, and in the absence of any request on the part of the defendant. His act was a mere voluntary courtesy, and he cannot recover therefor : Winsor *v.* Savage, 9 Metc. 347 ; Anderson *v.* Hamilton Township, 1 Casey 75 ; Natcher *v.* Natcher, 11 Wright 496 ; Irwin *v.* Hanlin, 10 S. & R. 219. One person being benefited by the payment of money by another is not sufficient to raise an assumpsit against the former. The

[Shriver *v.* Cowell.]

consent of the party therefore, either express or implied, is essentially necessary to support the action. Cowell could not legally delay the collection of the tax with a view to the expiration of the warrant, and the fact that he did so without the existence of any apparent necessity or compulsion, makes it clearly voluntary.

If this action prevails, Shriver is compelled to submit to a tax without a remedy, having no opportunity to test the alleged illegality of the assessment.

*A. A. Purman* and *Buchanan,* for defendant in error.—The right of the collector to bring suit is given in every case where his warrant has expired, and the tax is due and unpaid when he has not been legally exonerated therefrom.

The judgment of the Supreme Court was entered November 28th 1879,

PER CURIAM.—A collector of taxes has a perfect right under the law, to decline to proceed by distress and sale of the taxpayer's property, and having paid the tax to the proper authority sue on his warrant. It is in no sense a voluntary payment. The action is expressly authorized where his warrant has expired, and he has not been exonerated, by the 3d section of the Act of April 11th 1848, Pamph. L. 524. He may have very good reason for so doing, when he is properly satisfied of the responsibility of the taxpayer. Here the legality of the tax was contested, and if he had levied a distress, he might have been punished in damages to a much greater amount than the articles levied on would have produced at a forced sale. Whether he had a good reason for his course or not, the Act of Assembly gave him the right to pursue it, of which he cannot be deprived. There was no evidence to warrant the instruction prayed for in the defendant's third point.

Judgment affirmed.